IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CHOKE CANYON MOTEL, INC.,　§<br>　　*Plaintiff,*　　　　　　　　　§<br>　　　　　　　　　　　　　　　§<br>v.　　　　　　　　　　　　　　§<br>　　　　　　　　　　　　　　　§<br>CITY OF PORT ARANSAS,　　　§<br>DAVID PARSONS, in his Individual Capacity, §<br>RICK ADAMS, in his Individual Capacity, and §<br>CARLA ANN VANZANT, in her Ind. Capacity §<br>DONALD L. PRATT, in his Individual Capacity §<br>GLENN MARTIN, in his Individual Capacity §<br>　　*Defendants*.　　　　　　　§ | CASE NO: 2:24-CV-85<br><br>(JURY DEMAND) |

**PLAINTIFF CHOKE CANYON MOTEL, INC.'S ORIGINAL COMPLAINT**

**INTRODUCTION**

COMES NOW, Plaintiff, by and through counsel, and in support of its claims against the above named and unnamed Defendants respectfully states:

**NATURE OF THE ACTION**

1. This is a civil rights lawsuit brought by the Plaintiff, for violation of Constitutional Rights. Pursuant to 42 USC 1983 and 42 USC 1988 compensatory and punitive damages are sought against the Defendants. Plaintiff seeks punitive damages from the individual Defendants only and does not seek punitive damages from the CITY OF PORT ARANSAS or the individuals in their official capacity. Damages are also sought against all Defendants who were co-conspirators this matter.

## PARTIES

2. Plaintiff is a Texas Corporation that can be contacted through counsel.

3. Defendant DAVID PARSONS is an individual who can be served at his last known address, Port Aransas City Hall, 710 West Avenue A, Port Aransas, TX 78373.

4. Defendant RICK ADAMS is an individual who can be served at his last known address, Port Aransas City Hall, 710 West Avenue A, Port Aransas, TX 78373.

5. Defendant CARLA ANN VANZANT is an individual who can be served at her last known address, Port Aransas City Hall, 710 West Avenue A, Port Aransas, TX 78373.

6. Defendant DONALD L. PRATT is an individual who can be served at his last known address, Port Aransas City Hall, 710 West Avenue A, Port Aransas, TX 78373.

7. Defendant GLENN MARTIN is an individual who can be served at his last known address, Port Aransas City Hall, 710 West Avenue A, Port Aransas, TX 78373.

6. Defendant City of Port Aransas can be served through its City Manager, David Parsons at his last known address Port Aransas City Hall, 710 West Avenue A, Port Aransas, TX 78373.

## JURISDICTION & VENUE

8. This action arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. Sections 1983 and 1988. This Court has jurisdiction of this cause under 28 U.S.C. Sections 1331 and 1343.Venue is proper under 28 U.S.C. section 1391 in that the Defendants and Plaintiff reside and the cause of action arises in Nueces County, Texas which is within the venue of the Southern District of Texas, Corpus Christi Division.

## FACTS

9. Plaintiff owns and has operated a retail hotel/motel in Port Aransas for many years known as Beach Lodge. On or about February 8, 2023, the City Code Enforcement Officer and Building Official visited the property allegedly under authority of a "search warrant." This search warrant had no authority in law and was void.

10. On or about February 21, 2023, Plaintiff received a "cease and desist" letter from Port Aransas. The next day, Plaintiff received numerous citations in Municipal Court for no permits, unsafe structures, and substandard structures. Plaintiff appealed the Building Official's determination with the with the Port Aransas Board Of Adjustment And Appeals. A hearing took place on June 7, 2023.

11. Because the City had filed criminal charges in Municipal Court, the Plaintiff had the choice of either invoking its 5th Amendment right against incriminating statements or testify and run the risk of incrimination. Plaintiff filed a motion to stay or abate the proceedings but this was denied by the Board.

12. At the hearing, the City Manager addressed the Board and stated that they should not listen to Plaintiff's counsel and only listen to the City staff. No evidence was presented. The Board, without hearing any evidence whatsoever, denied Plaintiff's relief and ordered all structures be removed within 90 days.

13. The Board's decision has materially and adversely reduced the value of Plaintiff's property and constitutes an unlawful taking.

14. The warrant officer's return showed no substandard or unsafe structures, it was left blank. Regardless, the next day two class C misdemeanor citations were served. In addition, the

cease and desist letter was sent. Plaintiff was forced to immediately empty the building, cut off the utilities, and posted and secured the cottages.

15. David Parsons is the Port Aransas City Manager who during the June 7, 2023 meeting, interrupted Plaintiff's attorney and effectively ordered the Board to rule against Plaintiff on the motion to stay. Once the request for a stay was voted down, there was no hearing, no evidence, no cross examination of witnesses, just a summary ruling based on statements by City staff.

16. Rick Adams is the City Planning and Building Director.

17. Carla Ann Vanzant is the City Code Enforcement Officer. She obtained the search warrant but found no health or safety violations. She wrote 104 citations for no permits on two occasions.

18. Donald L. Pratt is the Building Official/Inspector.

19. Glenn Martin is the chairman of the Board.

20. The Defendants' actions constituted an unlawful deprivation and taking of Plaintiff's property without due process of law in violation of the Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

21. As alleged in detail in the facts portion of this Complaint Defendants conspired with others to commit the unlawful deprivation and taking. The Fifth Circuit has recognized that section 1983 plaintiffs may assert a conspiracy claim. *See Owens v. Board of Regents of Texas Southern University*, 953 F.Supp. 781, 791(S.D.Tex.1996). Conspiracy is a legal mechanism to impose liability on each and all of the Defendants without regard to the person doing the actual act. A conspiracy regarding state action, namely the wrongful arrest of Plaintiff, took place. Plaintiff's

constitutional rights were deprived as a result of the conspiracy by acts of a party to the conspiracy.

22. As a result of the actions of the Defendants Plaintiff has suffered actual and compensatory damages.

23. With respect to municipal liability of the City of Port Aransas, this case is governed by the FifthCircuit decision in *Turner v. Upton County, Tex.*, 95 F.2d 133 (5th Cir.1990). In *Turner*, the Fifth Circuit stated that when the trial court premised the county's liability on whether its governing body had ratified the alleged actions of these officials, i.e., whether they had acted pursuant to an official county policy or custom, the district court inadvertently overlooked the possibility that the sheriff and district attorney were themselves the final policymakers with respect to the matters under their jurisdiction whose actions, to the citizens of Upton County, were the actions of the county itself. *See id.* at 136. A municipality may be held liable for the illegal or unconstitutional actions of its final policymakers themselves as they engage in the setting of goals and the determination of how those goals will be achieved. *See id. citing Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292.

24. To hold a municipality liable for actions ordered by such officers exercising their policymaking authority is not an application of the theory of respondeat superior. *See id.* at 137. Municipal liability attaches to a single decision to take unlawful action made by municipal policymakers. *See id.*

25. The Court in *Turner* further found that the sheriff's and the district attorney's alleged participation in the conspiracy, if proven, would suffice to impose liability on the county. *See id.* "When the official representing the ultimate repository of law enforcement power in the county

makes a deliberate decision to abuse that power to the detriment of its citizens, county liability under section 1983 must attach, provided that the other prerequisites for finding liability under that section are satisfied. The district court erred in absolving the county of section 1983 liability." *Id.*

26. In this case, Defendants were all final policy makers and knew exactly whatwas going on. As such the City is liable for the conduct of Defendants.

## JURY TRIAL REQUESTED

27. Plaintiff hereby requests a trial by jury on all issues.

28. WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against all Defendants and award Plaintiff the following:

   a. Compensatory damages;

   b. Punitive damages from the individual Defendants as allowed by law;

   c. Prejudgment interest as allowed by law;

   d. Post-judgment interest as allowed by law;

   e. Attorneys' fees;

   f. Court costs; and

   g. Such other legal and equitable relief ultimately justified by the proof in this case.

Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.
925 S. Capital of Texas Hwy, Suite B225
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile


*/s/ John F. Melton*
John F. Melton

[jmelton@jfmeltonlaw.com](mailto:jmelton@jfmeltonlaw.com)
State Bar No. 24013155
ATTORNEYS FOR PLAINTIFF

Dated: April 11, 2024.